UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>    v.<br><br>JAMES BROWN,<br><br>    Defendant. | Criminal No. 10-019<br>HHK/DAR |

**MEMORANDUM OF FINDINGS OF FACT
AND STATEMENT OF REASONS IN
SUPPORT OF ORDER OF DETENTION**

**I.  INTRODUCTION**

Defendant is charged by indictment with unlawful possession with intent to distribute 50 grams or more of cocaine base in violation of 21 U.S.C. § 841(a)(1), (b)(1)(A)(iii).  A detention hearing was conducted by the undersigned United States Magistrate Judge on January 29, 2010.

Upon consideration of the proffers and arguments of counsel and the entire record herein, the Defendant was ordered held without bond pursuant to 18 U.S.C. § 3142(e).  The findings of fact and statement of reasons in support of the Order of Detention follow.

**II.  THE BAIL REFORM ACT**

The Bail Reform Act of 1984, 18 U.S.C. § 3141 et seq. (hereinafter "the Act"), provides, in pertinent part, that if a judicial officer finds by clear and convincing evidence that "no condition or combination of conditions will reasonably assure . . . the safety of any other person and the

United States v. Brown                                                                                                                              2

community, such judicial officer shall order the detention of the [defendant] before trial." 18 U.S.C. § 3142(e).  Thus, danger to the community alone is a sufficient basis upon which to order pretrial detention.  United States v. Salerno, 481 U.S. 739, 755 (1987); United States v. Simpkins, 826 F.2d 94, 98 (D.C. Cir. 1987); United States v. Perry, 788 F.2d 100, 113 (3d Cir. 1986); United States v. Sazenski, 806 F.2d 846, 848 (8th Cir. 1986).

Where the government seeks pretrial detention on the ground that no condition or combination of conditions will reasonably assure the appearance of defendant as required, it has the burden of establishing by a preponderance of the evidence that the defendant will flee before trial if released.  United States v. Vortis, 785 F.2d 327, 328-29 (D.C. Cir.), cert. denied, 479 U.S. 841 (1986).  The judicial officer must determine that "it is more likely than not that no condition or combination of conditions will reasonably assure an accused's appearance."  United States v. Westbrook, 780 F.2d 1185, 1188-89 (5th Cir. 1986).

In determining whether there are conditions of release which will reasonably assure the appearance of the person as required and the safety of any other person and the community, the judicial officer shall take into account the available information concerning (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the defendant; (3) the defendant's history and characteristics; and (4) the nature and seriousness of the danger to any person or to the community which would be posed by the defendant's release.  18 U.S.C. § 3142(g).

A rebuttable presumption that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of any other person and the community arises if the judicial officer finds that there is probable cause to believe that the

United States v. Brown                                                                                                                3

defendant committed an offense under the Controlled Substances Act, 21 U.S.C. § 801 et seq., for which a maximum period of incarceration of ten years or more is prescribed.  18.  18 U.S.C. § 3142(e).  An indictment is sufficient to demonstrate probable cause for purposes of 18 U.S.C. § 3142.  See United States v. Vargas, 804 F.2d 157, 163 (1st Cir. 1986); United States v. Suppa, 799 F.2d 115, 117 (3rd Cir. 1986); United States v. Mosuro, 648 F. Supp. 316, 318 (D.D.C. 1986).

### III.  DISCUSSION

Both the government and the Defendant proceeded by proffer.  Counsel for the government proffered that on December 31, 2009, law enforcement officers observed the Defendant standing in front of an apartment building on Fairmont Street, N.W.  The government proffered that the officers observed the Defendant "look at their vehicle and look away."  The officers approached the Defendant and requested permission "to talk to him for a moment"; the Defendant stated "sure," and said that he was "just looking for [his] keycard to get into the building to visit family."  The Defendant then consented to a search of his person, stating "you can pat me down."  As the officer reached for the Defendant's left front pants pocket, the Defendant "immediately brought his left hand down to prevent the officer from touching that pocket."  Believing that the Defendant may be concealing a weapon, the officer requested that Defendant place his hands on his head, and then proceeded to pat the Defendant's front left pants pocket, whereupon the officer felt a hard object.  When an office asked Defendant to identify the object, Defendant stated "it's not weed," and "Man just go ahead and get 'em."  The officer then recovered two large rocks, which later tested positive for cocaine.  The weight of the rocks totaled

United States v. Brown                                                                                                          4

63 grams.

With respect to the defendant's criminal history, counsel for the government proffered that the Pretrial Services Agency report indicates that Defendant was on probation for possession with intent to distribute cocaine at the time of the instant offense. Additionally, Defendant has two other prior convictions for drug offenses: attempted distribution of marijuana, and distribution of marijuana.

Through his counsel, Defendant proffered that he has resided in the District of Columbia all of his life and currently lives with his sister, whose address has been verified by the Pretrial Services Agency. Defendant's counsel acknowledged that Defendant was on probation at the time of the instant offense, but proffered that Defendant reported as required and tested negative for drug use. Defendant's counsel further proffered that two of Defendant's prior convictions were for misdemeanors, and that no weapon was used during the instant offense. Finally, Defendant's counsel proffered that Defendant has been working with his probation officer to find employment, and has been earning a living doing "odd jobs" and by "buying and selling cars."

## IV.  **FINDINGS OF FACT**

Upon consideration of the factors enumerated at Section 3142(g) of the Act, the undersigned finds by clear and convincing evidence that no condition of release or combination of conditions would reasonably assure the safety of the community. First, the nature and circumstances of the offense charged indicate that defendant was actively engaged in the distribution of crack cocaine, while on probation for possession with intent to distribute crack cocaine.

United States v. Brown                                                                                                              5

Second, the undersigned finds that the weight of the evidence against defendant is compelling.

Third, the undersigned finds that the defendant's history and characteristics militate against pretrial release.  Defendant has family and community ties which have been verified; however, at the time of the instant offense, he was on probation for the identical offense, and has two other prior convictions for drug offenses.

Finally, the undersigned is satisfied that the toll which crack cocaine has taken and continues to take upon this community is well-documented and need not be repeated here. Defendant's alleged possession of crack cocaine with intent to distribute it, while on probation for the same offense, warrants the conclusion that he is not amenable to community supervision at this time.

The undersigned has carefully considered the Defendant's proffer, and finds that while it is arguably sufficient to rebut the presumption of fugitivity, it is wholly inadequate to rebut the presumption of dangerousness.  See <u>United States v. Alatishe</u>, 768 F.2d 364, 371 (D.C. Cir. 1985).

## V. <u>CONCLUSION</u>

On the basis of the foregoing findings of fact and reasons, Defendant will be held without

United States v. Brown                                                                                                                6

bond pursuant to the January 29, 2010 Order of Detention.

__February 19, 2010_____
     DATE

__January 29, 2010_____
     NUNC PRO TUNC

                                                                 _____/s/_____
                                                                  DEBORAH A. ROBINSON
                                                                  United States Magistrate Judge